**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Heaven-Marshay Holt,** | ) | **CASE NO. 1:25 CV 1706** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Cuyahoga County Court** | ) | |
| **of Common Pleas, et al.,** | ) | **Memorandum of Opinion** |
| | ) | **and Order** |
| **Defendants.** | ) | |

*Pro se* Plaintiff Heaven-Marshay Holt filed this civil rights action under 42 U.S.C. § 1983 against the Cuyahoga County Court of Common Pleas; Magistrate Elizabeth Howe; Judge Nicholas J. Celebrezze; "Clerk of Court"; Cynthia A. Ernst, Guardian Ad Litem; Isaiah Miles Nash; the Bedford Police Department; the Cuyahoga County Children and Family Services; and the Ohio Division of Child and Family Services. (Doc. No. 1). The complaint concerns the custody of Plaintiff's minor child. Plaintiff also filed an emergency motion for temporary restraining order and motion for preliminary injunction. (Doc. No. 3).

Additionally, Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2), which the Court grants.

## I. BACKGROUND

Plaintiff's complaint contains very few factual allegations. But it appears that the Cuyahoga County Court of Common Pleas, Juvenile Division, awarded custody of Plaintiff's minor child to the child's father on June 16, 2025. (*See* Doc. Nos. 3-8, 3-8). According to

exhibits attached to the complaint, Plaintiff failed to comply with the Juvenile Court order and repeatedly refused to relinquish custody of the child. (*Id.*). Ultimately, the child was removed from Plaintiff's home. (*See* Doc. No. 3). Thereafter, Plaintiff was arrested and charged with custodial interference. *See State of Ohio v. Holt*, No. 25CRB01122 (Bedford Mun. Ct. Aug. 13, 2025). That case remains pending. (*Id.*).

Plaintiff appears to be challenging the state court's custody order. She also objects to actions taken by the Bedford Police Department that resulted in the ultimate removal of Plaintiff's child from her custody and Plaintiff's arrest. She claims in a conclusory fashion an unlawful denial of her rights. (*See* Doc. No. 1 at 6). In support, Plaintiff lists various federal laws that Defendants have purportedly violated, including 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth, and Fourteenth Amendments, and 18 U.S.C. §§ 241 and 242. (Doc. No. 1 at 4).

Plaintiff seeks the following relief: the immediate return of Plaintiff's minor child to her custody; an order prohibiting the defendants from "removing, detaining, or otherwise interfering with" Plaintiff's custody; an immediate suspension of all state and local court proceedings and orders concerning the child's custody; an order to preserve all evidence concerning the custody proceedings; federal enforcement of "Plaintiff's lawful custodial authority"; and monetary damages. (Doc. No. 1 at 8).

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if

it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. DISCUSSION

#### A. Child Custody

To the extent Plaintiff is challenging the state court's child custody determination and asking this Court to vacate the state court judgment concerning her custodial rights and enter

judgment in her favor, the *Rooker-Feldman* doctrine bars this Court's consideration of her claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury is the Cuyahoga County Juvenile Court's

-4-

decision awarding custody of Plaintiff's minor child to the child's father, and Plaintiff asks the Court to reverse the custody determinations of the state court and award Plaintiff custody of her child. To grant Plaintiff the relief she requests, the Court would have to vacate the judgment of the state court. Pursuant to *Rooker-Feldman*, this Court lacks subject matter jurisdiction to do so.

To the extent Plaintiff seeks to relitigate the child custody issues as determined in the state juvenile court case, this claim is barred by *res judicata*. *Res judicata* precludes a party from bringing a federal civil rights action to relitigate matters that already have been decided in a state court proceeding. *Allen v. McCurry*, 449 U.S. 90, 96-97, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Under *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Id.* at 94. Plaintiff's claims are barred by *res judicata* because the custody of Plaintiff's minor child has been determined by a state court, and there is no suggestion in her pleadings that she could not have raised any federal concerns she had in the context of the state proceeding.

Finally, to the extent the Court can construe Plaintiff's complaint as a request that the Court interfere with the pending state court proceedings against her for custodial interference, the Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

When an individual is the subject of an ongoing state action involving important state matters, she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention

requires the federal court to defer to the state proceedings. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of her claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

All three factors supporting abstention are present here. The criminal case charging

Plaintiff with custodial interference is still pending. And state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Finally, there is no suggestion in the complaint that the available state court proceedings do not afford Plaintiff an adequate opportunity to raise the constitutional claims she raises here. This Court must, therefore, abstain from interfering in any pending state court criminal action against Plaintiff.

## B. Criminal Statutes

Plaintiff cites to 18 U.S.C. § 241 (conspiracy to deny civil rights) and 18 U.S.C. § 242 (deprivation of civil rights) in her complaint without providing any factual support. To the extent Plaintiff alleges the defendants violated these statutes, her claim fails.

Sections 241 and 242 are criminal statutes and provide no private right of action to civil plaintiffs. *See Williams v. Infantino*, No. 5:18 CV 1021, 2018 U.S. Dist. LEXIS 134499, *3 (N.D. Ohio Aug. 9, 2018); *Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 U.S. Dist. LEXIS 119867, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (citing *U.S. v. Oguaju*, 76 Fed. Appx. 579, 2003 WL 21580657, *2 (6th Cir. 2003)). To the extent Plaintiff is attempting to bring criminal charges against the defendants, she lacks standing. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004)(A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.") (citing among authority *Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)); *Poole v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing among authority *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)).

### C. The Parties

Even if the Court had jurisdiction over Plaintiff's claims, Plaintiff cannot maintain an action against any of the defendants.

Judge Celebrezze, Magistrate Howe, and the Clerk of Court are immune from suit. It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, there is no suggestion in the complaint that Judge Celebrezze or Magistrate Howe were acting in any capacity other than that of a judicial officer when the conduct alleged in the Complaint occurred. Nor is there any suggestion that they acted clearly outside of the subject matter jurisdiction of the court over which they preside. Judge Celebrezze and Magistrate Howe are, therefore, absolutely immune from damages in this action.

Additionally, judicial immunity may be extended to non-judicial officers, like the Clerk of Court, who perform in a quasi-judicial capacity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees have, therefore, been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g., id.* (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee).

Here, Plaintiff does not allege any facts plausibly suggesting that the Clerk of Court acted outside the scope of his or her quasi-judicial immunity. The Clerk is, therefore, absolutely immune from suit.

Plaintiff also fails to state a claim against Isaiah Miles Nash. To state a claim upon which relief can be granted under 42 U.S.C. § 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,48,108 S. Ct. 2250,101 L. Ed. 2d 40 (1988). To be considered to have acted "under color of state law" for purposes of Section 1983, generally, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S.

-9-

922, 937,102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345,352, 95 S. Ct. 449,42 L. Ed. 2d 477 (1974).

Here, Nash, the father of Plaintiff's minor child, is a private party and not a state government official. There is no suggestion in the Complaint that Nash was acting on behalf of, or obtaining significant aid from, the state such that his conduct would be considered state action. Nor does Plaintiff allege any facts suggesting that this defendant exercised a power that is reserved exclusively for the State of Ohio. Nash is, therefore, not subject to liability under Section 1983.

There are few facts in the Complaint concerning Cynthia A. Ernst, Guardian Ad Litem. But, if Ernst was the court-appointed guardian who reports to the court as an independent investigator, or acts as an advocate of the child, she is not a state actor for purposes of Section 1983. *Reguli v. Guffee*, 371 F. App'x 590, 601 (6th Cir. 2010); *Kirtley v. Rainey*, 326 F.3d 1088, 1095 (9th Cir. 2003). *See also Holley v. Deal*, 948 F. Supp. 711, 715 (M.D. Tenn. 1996) (Guardian Ad Litem is not a state actor where the state did not exercise power over the Guardian's independent judgment). Alternatively, even if Ernst were found to be acting "under color of law," she would be absolutely immune from civil rights actions. *See Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984)(Guardian Ad Litem, like witnesses and other persons who are integral parts of the judicial process, is entitled to absolute immunity); *Holley*, 948 F. Supp. at 715 (Guardian Ad Litem, if found to be a state actor, would be absolutely immune from damages). Cynthia A. Ernst is, therefore, not subject to suit under Section 1983.

Finally, Plaintiff cannot maintain an action against the remaining defendants because

-10-

they are not *sui juris*, meaning they cannot be sued in their own right. To the extent Plaintiff alleges claims against the Cuyahoga County Court of Common Pleas, Plaintiff fails to state a plausible claim for relief. Absent express statutory authority, courts are not *sui juris*, meaning they are not an entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-cv-00123, 2018 U.S. Dist. LEXIS 93697, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*).

Likewise, the Bedford Police Department is not an entity capable of being sued. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983); *Lloyd v. City of Streetsboro*, 2018 U.S. App. LEXIS 36090, 2018 WL 11298664, at *3 (6th Cir.) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983.").

Additionally, the Ohio Division of Child and Family Services and Cuyahoga County Children and Family Services are sub-units of government and also lack the capacity to sue or be sued. *See Souare v. Ohio Child Support*, No. 5:25-CV-00476,  2025 WL 1398781, 2025 U.S. Dist. LEXIS 90990, *2 (N.D. Ohio May 13, 2025) (citing *Johnson v. Cuyahoga Cty. CSEA*, 2021 U.S. Dist. LEXIS 125801 (N.D. Ohio, July 7, 2021); *see also Loper v. Cuyahoga Cty. Children & Family Servs.*, No. 1:18 CV 1598, 2019 WL 1597552, 2019 U.S. Dist. LEXIS 64375, *5 (N.D. Ohio Apr. 15, 2019) (Cuyahoga County Children and Family Services is not *sui juris* and cannot be sued in its own right). Moreover, the Eleventh Amendment is an absolute bar to the imposition of liability upon states and their agencies, such as the Children and Family

Services. *See Cikraji v. Messerman*, N.D. Ohio No. 1:13CV2059, 2014 WL 2965281, 2014 U.S. Dist. LEXIS 90589, at *13 (June 30, 2014) (citing *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985)).

To the extent, however, that Plaintiff's claims against the Cuyahoga County Children and Family Services and the Cuyahoga County Court of Common Pleas can be construed as claims against Cuyahoga County, Plaintiff fails to state a cognizable claim. The county is only liable under Section 1983 when the local government's policy or custom results in the alleged injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff does not claim that any customs or policies of Cuyahoga County caused her injuries.

## IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), DENIES Plaintiff's emergency motion for temporary restraining order and preliminary injunction (Doc. No. 3), and DISMISSES the action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


PATRICIA A. GAUGHAN
United States District Judge

-12-